By the Court, Cowen, J.
The defendants, who resided in the city of New-York, sold to the plaintiff certain bales of cloth for the Mexican market. They were, by mistake, invoiced at a considerable number of yards beyond their true measure, and shipped by the plaintiff to his correspondent in Mexico. Being accompanied by the erroneous invoice, which was relied on by both parties as true, the goods were entered at the Mexican custom-house and duties and imposts levied and paid accordingly. The difference in price was adjusted by the parties; but the plaintiff moreover claimed as damages the over-payment of duties at the custom-house, and of commissions in New-York, for which he brought this action. The court below disallowed the claim, on the ground that the damage was too remote.
We .axe not called upon to say whether the evidence established a warranty that the actual measure of the cloth corresponded with that specified in the invoice; for this was assumed by both parties, and by the court below. The only question before us, therefore, relates to the amount of damages recoverable. The general rule would stop with awarding to the plaintiff so much only as would make good the difference between the price paid and the value which the article fell short in consequence of the wrarranty being broken. A warranty or promise concerning a thing, being general, that is to say, not having reference to any purpose for which it is to be used out of the ordinary corase, the law does not go beyond the general market in search for an indemnity against its breach. (See Blanchard v. Ely, 21 Wend. 342, 347, 348; Voorhees v. Earl, 2 *474 Hill, 288, 291.)(a) The exceptions will all be found to. lie in the special nature of the promise or warranty itself express or implied. Thus, in the case of Borrodaile v. Brunton, (2. J. B. Moore, 582,) mentioned at the bar and mainly: relied on for-the plaintiff, the warranty was, that a cable should last two years. It failed before, in consequence of which the anchor was, lost. The plaintiff was allowed to recover not only for the cable, but the anchor; the court saying the loss of the last was. consequential to the insufficiency of the cable. Where goods, are purchased for a particular market, and that known .to both parties, the damages have been governed by the price at that; market. (Bridge v. Wain, 1 Stark. Rep. 504.) But where-the warranty is general, an accidental damage even in the vendee’s own affairs is not regarded. The distinction was consid-. ered in Blanchard v. Ely, (21 Wend. 342, 348, 349.) The . search is for immediate and necessary consequences.. Doctor . Franklin’s case of the defective horseshoe-nail, which resulted in the loss of the shoe, and thence in the loss of the horse, is an excellent lesson in private economy. But in an action against. the farrier, it would not have done to look beyond the loss of the shoe. To have charged him with accidental consequences would have worked his ruin. Beside, such a rule would put his fortune in the power of his employer, who might be careless, of consequences, or even secretly aid in promoting them. The. loss of a particular bargain for re-selling a warranted horse, cari-, not therefore be recovered as a matter of course; for the price may be extravagant and fraudulently inflated with a view to. charge the warrantor. (Clare v. Maynard, 6 Adolph. & Ellis, 519.)
The lav/ does not go beyond the market' .when it allows-costs in certain cases; as where the vendee sells and makes the same warranty as was made to himself, and is sued and throwq in costs. He may in such case recover them from his own vendor, especially if he have had notice to defend. (Lewis v. Peat, *475 2 Marsh. 431.) This allowance is familar in all cases of a warranty of title, even of land. The consequence of an ulterior sale and warranty is deemed so obvious that every warrantor is supposed to see it. (Vid. also Mainwaring v. Brandon., 2 J. B. Moore, 125; 8 Taunt. 202, S. C.) So of the expense of keeping a horse till the vendee can sell him; (M'Kenzie v. Hancock, Ry. & Mood. N. P. Cas. 436; Ellis v. Chinnock, 7 Carr. & Payne, 169; Clare v. Maynard, id. 741; 1 Chesterman v. Lamb, 2 Adolph, & Ellis, 129;) though not for legal advice and assistance, or expense in consulting veterinary surgeons with the view to a suit. (7 Carr. & Payne, 741.)
How goods sold with a warranty of the kind in question may influence the charge for commissions and duties, is entirely equivocal. If the former be charged according to the full measure, the mistake is open to correction; and the same thing may follow ait over-charge of duties. All this depends on the conduct of others, the mode of their dealing, the practice of a. custom-house, or the laws of a foreign country; perhaps on the' greater or less vigilance of the vendee himself or his agents. No, case was referred to on the argument subjecting the vendor-to consequences so remote and so much dependent on the conduct of the vendee. The loss of profit in employing the steam boat in Blanchard v. Ely Was much more direct, more obvious to the builder, and, to a certain amount, less capable of being avoided by the owners. Yet we denied their claim to damages beyond "the expense of remedying the defects.
On the best consideration we have been able to give this case, we are all clear that the court below were correct, and that the judgment must be affirmed.
Judgment affirmed.

 See Cary v. Gruman, (4 Hill, 625.)